[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties in this contested dissolution action were married in 1973. There is one minor child issue of the marriage.
The parties agree that the marriage has broken down but ascribe different reasons to the cause. Out of deference to the privacy of the parties, the court will not discuss in this memorandum the testimony nor the causes of the breakdown.
The court finds the jurisdictional requirements have been met, that the marriage has broken down irretrievably and it is dissolved.
In fashioning the orders which follow, the court has considered the contents of Sections 46b-81 82, et alia and finds these orders to be fair and equitable:
1. Custody of the minor child will be joint with the primary residence with the defendant wife. The plaintiff husband shall be entitled to liberal, reasonable and flexible visitation.
2. The plaintiff shall pay child support in the amount of $185.00 per week, per the support guidelines.
3. The plaintiff shall pay alimony in the amount of $200.00 per week. CT Page 4144
4. The plaintiff shall provide health insurance for the benefit of the minor child and the parties shall be equally responsible for any uncovered or unreimbursed health expenses. Section 46b-84(c) shall be applicable.
5. The plaintiff shall retain and pay for the Pontiac and defendant shall retain the Cavalier.
6. The plaintiff shall retain the life insurance policy with Security Connecticut in the face amount of $50,000 for so long as he is obligated to pay alimony or support. The defendant shall be designated as beneficiary and shall be provided with proof of said coverage forthwith and annually hereafter.
7. The defendant is awarded exclusive possession of the family residence and she may retain as her own the furniture and furnishings presently located on the premises, leaving her free to give the plaintiff such items as she does not need. As to the records and photos, the parties shall divide these equally and if they cannot agree, the matter will be referred to the family relations office.
8. Upon the graduation of the minor child from high school, the jointly owned real property at 177 Scotland Road, Madison is to be placed on the market for sale at a price agreeable to both parties. In the interim, the plaintiff shall be responsible for the 1st and 2nd mortgages, taxes and homeowners insurance. She shall also be responsible for maintenance and repairs up to $250.00, beyond which sum the parties shall share equally the item of expense. Upon the sale, the net proceeds shall be distributed to the parties, with the defendant receiving 60% and the plaintiff 40%.
9. The plaintiff shall be responsible for the liabilities listed on his financial affidavit.
10. The plaintiff shall be permitted to take the child as a dependent on his tax returns.
ANTHONY V. DeMAYO, JUDGE